## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| In re: | \| | Chapter 7 |
| | \| | |
| **ALLEN TROY RUTHERFORD AND** | \| | |
| **PAMELA IRENE RUTHERFORD** | \| | **Case No. 12-51445** |
| | \| | |
| Debtors. | \| | |
| | \| | |
| **AMERICAN SOUTHERN** | \| | |
| **INSURANCE COMPANY** | \| | |
| | \| | |
| Plaintiff, | \| | |
| | \| | |
| v. | \| | **Adversary Case No. 13-05013** |
| | \| | |
| **ALLEN TROY RUTHERFORD AND** | \| | |
| **PAMELA IRENE RUTHERFORD** | \| | |
| | \| | |
| Defendants. | \| | |

### MEMORANDUM OPINION GRANTING DEBTOR-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, American Southern Insurance Company ("American Southern"), filed this adversary proceeding against the Defendants, Allen and Pamela Rutherford (the "Rutherfords"), seeking a determination that the debt they owed to it is non-dischargeable under 11 U.S.C. § 523(a)(2)(B). The Rutherfords filed a motion for summary judgment alleging that they were entitled to judgment as a matter of law on American Southern's amended complaint. The Court held a hearing on the Rutherfords' motion for summary judgment on December 18, 2013. At the close of the hearing, the Court took the matter under advisement. Following the hearing, American Southern submitted a post-hearing affidavit for the Court's consideration. The Court held a hearing on February 19, 2014, to consider whether it could review the affidavit in ruling

on the Rutherfords' motion for summary judgment. Following the conclusion of that hearing, the

Court took the matter under advisement. Based on the various arguments and briefs submitted by

the parties, the Court makes the following findings of fact and conclusions of law.

### JURISDICTION

The Rutherfords are debtors in this Court. American Southern is a creditor of the

Rutherfords and commenced this adversary proceeding against the Rutherfords pursuant to 11

U.S.C. § 523(a)(2)(B). This action involves the question of whether the American Southern debt

is excepted from the Rutherfords' general discharge and, thus, is a core proceeding under 28

U.S.C. § 157(b)(2)(I). This Court has subject matter jurisdiction over this case pursuant to 28

U.S.C. § 1334 and authority to determine the question of dischargeability under 11 U.S.C. §

523(a)(2)(B) pursuant to 28 U.S.C. § 157(b), Fed. R. Bankr. P. 7056, and the Western District of

Virginia District Court General Order of Reference.[1]

### PROCEDURAL POSTURE

The Rutherfords filed for Chapter 7 relief under Title 11 of the United States Code (the

"Bankruptcy Code") on November 6, 2012. Southern filed the above captioned adversary

proceeding on February 2, 2013, seeking a determination under 11 U.S.C. § 523(a)(2)(B) that its

debt is excepted from discharge and, in the alternative, under 11 U.S.C. § 727(c)(2) that the

Chapter 7 Trustee examine certain transfers and consider whether grounds are present to bar the

Rutherfords' general discharge.

On March 15, 2013, the Rutherfords filed a motion to dismiss for failure to state a claim

upon which relief can be granted (the "Motion to Dismiss"). The Court held a pre-trial

conference on April 3, 2013, to consider American Southern's complaint and the Rutherfords'

---

[1]     *See* Order of Reference December 6, 1994; and Western District of Virginia District Court Local Rule 3.

Motion to Dismiss.[2] At that hearing, the Court dismissed American Southern's section 727(c)(2) Count without leave to amend and granted American Southern leave to amend its section 523(a)(2)(B) Count. American Southern filed an amended complaint on April 17, 2013 (the "Amended Complaint").

The parties originally scheduled discovery to conclude on August 30, 2013, but extended it to October 14, 2013, by consent. Shortly thereafter, on November 14, 2013, the Rutherfords filed a motion for summary judgment seeking judgment as a matter of law as to American Southern's Amended Complaint (the "Motion for Summary Judgment"). After the parties submitted numerous responsive pleadings and exhibits, the Court heard argument on December 18, 2013, on the Rutherfords' Motion for Summary Judgment. At the conclusion of that hearing, the Court took the matter under advisement.

Before the Court could rule on the matter, American Southern submitted a post-hearing affidavit for the Court's consideration in determining whether to grant or deny the Rutherfords' Motion for Summary Judgment. Prior to reviewing the affidavit, the Court inquired of the parties whether the parties' consent to the Court's consideration of the post-hearing affidavit. Upon learning from the parties that American Southern submitted the affidavit without the Rutherfords' knowledge or consent and that the Rutherfords objected to the Court considering such, the Court set the matter for hearing. On February 19, 2014, the Court held the hearing on

---

[2]     In the interim, American Southern filed its proof of claim on March 26, 2013. The claim filed by American Southern was for $265,800.00 and alleged to be non-dischargeable under 11 U.S.C. § 523(a)(2)(B). *See* Proof of Claim 7-1, *In re Rutherford*, No. 12-51445 (Bankr. W.D. Va. Mar. 26, 2013). While the claim does not specify the origin of the debt, the parties do not dispute that the claim filed is for repayment of a bond rider issued by American Southern on behalf of the Rutherfords in 2008 for an amount equal to $265,800.00. Amended Complaint at ¶ 16, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Apr. 17, 2013) ECF No. 13; Trial Transcript at 14–37, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Dec. 18, 2013) ECF No. 48.

whether it could consider American Southern's post-hearing affidavit and, after argument by the parties, took the matter under advisement.

### BACKGROUND[3]

The Rutherfords were the owners and principals of Rutherford Construction. Rutherford Construction was in the business of managing, developing, and constructing properties throughout Virginia, including new residential subdivisions. One such new residential development was the Village at Colter's Place, located in Augusta County, Virginia.

In constructing this new development, Augusta County required Rutherford Construction to secure a subdivision bond, thus ensuring completion and performance of the work. Rutherford Construction contacted American Southern regarding the furnishing of the subdivision bond. American Southern is in the business of providing insurance and surety. On August 10, 2007, after receiving financial statements dated July 16, 2007 (the "2007 Financial Statement), American Southern furnished Rutherford Construction a $529,900 bond naming Augusta County as the obligee, which the Rutherfords personally guaranteed.

Prior to January 2008, Augusta County required Rutherford Construction to secure additional bonding. Rutherford Construction contacted American Southern on or about January 1, 2008, to request that American Southern reaffirm the bond obligations in the amount of $265,800. American Southern requested updated financial documents from the Rutherfords. American Southern furnished Rutherford Construction with a $265,800 Rider to the $529,900 bond, naming Augusta County as the obligee (the "Bond Rider") on January 28, 2008, which the Rutherfords personally guaranteed. The Rutherfords provided new financial statements dated January 31, 2008 (the "2008 Financial Statement"), to American Southern on February 4, 2008.

---

[3]      Unless otherwise specified, the following facts are taken directly from American Southern's Amended Complaint filed on April 17, 2013. *See* Amended Complaint, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Apr. 17, 2013) ECF No. 13.

*See* Amended Complaint at ¶ 15, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr.

W.D. Va. Apr. 17, 2013) ECF No. 13; Exhibit B to Amended Complaint, *Am. S. v. Rutherford*

*(In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Apr. 17, 2013) ECF No. 13; Exhibit 6 to

Defendants' Motion for Summary Judgment, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-

050133 (Bankr. W.D. Va. Nov. 14, 2013) ECF No. 25.

In March of 2011, Rutherford Construction suspended work at the Village at Colter's

Place and filed for bankruptcy shortly thereafter. On July 27, 2011, Augusta County, as obligee

on the subdivision bond and Bond Rider, made demand on American Southern to renew the bond

and complete the outstanding work as a condition for release. The cost to American Southern to

complete the work was in excess of the amount of the Bond Rider.

The Rutherfords filed their own bankruptcy petition on November 6, 2012, and listed a

total net worth of ($45,192,482.72), an amount drastically different than the amount provided

American Southern in the 2007 and 2008 Financial Statements. This drastic difference, in part, is

the basis for American Southern's allegation that the Rutherfords' 2008 Financial Statement is a

materially false writing.

### STANDARD OF REVIEW ON SUMMARY JUDGMENT

The Court should grant motions for summary judgment if there is no dispute as to a

genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*News and Observer Publishing Co. v. Raleigh-Durham Airport*, 597 F.3d 570, 576 (4th Cir.

2010). The Rutherfords have moved for summary judgment and, therefore, must establish that no

genuine issues of material fact exist.

Facts are material if they might be outcome determinative. *Id.* An issue is genuine when

the evidence is such that a reasonable juror could return a verdict for the non-moving party. *Id.*

Additionally, the Rutherfords must establish that, given the lack of a genuine issue of material fact, they are entitled to judgment as a matter of law. The Rutherfords can establish their entitlement to a judgment as a matter of law if they can show that American Southern has failed to make an adequate showing as to an essential element for which it has the burden of proof. *Id.*

In ruling on the Rutherfords' motion for summary judgment, the Court must believe American Southern's evidence as the non-moving party and make all justifiable inferences in American Southern's favor. *Id.* American Southern, however, cannot survive the Rutherfords' motion by making bare assertions; rather, it must set forth specific facts which show a genuine issue for trial. *Id.* American Southern's complaint requests relief under 11 U.S.C. § 523(a)(2)(B). Amended Complaint at ¶¶ 56–63, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Apr. 17, 2013) ECF No. 13. At trial, American Southern would have the burden of establishing the elements necessary for the Court to determine that the debt owed them is non-dischargeable. *See* Fed. R. Bankr. P. 4005. To survive the Rutherfords' motion, therefore, American Southern must point to specific material facts that establish a genuine issue as to each element of its cause of action under section 523(a)(2)(B). If the Court cannot identify such facts and issues, even after giving American Southern every justifiable inference, the Court should grant the Rutherfords' motion.

### ELEMENTS OF SECTION 523(a)(2)(B)

American Southern's complaint alleges that the debt owed it by the Rutherfords is excepted from discharge under the false writing exception of section 523(a)(2). In particular, Bankruptcy Code section 523(a)(2)(B) provides:

> A discharge . . . does not discharge an individual from any debt – for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – use of a statement in writing –
>     (i)        that is materially false;

(ii)    respecting the debtor's or an insider's financial condition;
(iii)   on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv)    that the debtor caused to be made or published with intent to deceive.

Given the language of the Code, the Fourth Circuit has held that a party seeking a determination under section 523(a)(2)(B) must generally establish five elements: (1) use of a written statement; (2) that was materially false; (3) that regards the debtor's financial condition; (4) on which the petitioning creditor reasonably relied; and (5) that the debtor published with intent to deceive. *See Colombo Bank v. Sharp (In re Sharp)*, 340 F. App'x 899, 901 (4th Cir. 2009) (per curium) (parsing 11 U.S.C. § 523(a)(2)(B)). As the provision is written in the conjunctive, rather than the disjunctive, a creditor seeking an exception to discharge under this section must establish each of the listed elements.

The Court begins its analysis of the Rutherfords' motion for summary judgment with the reasonable reliance requirement of subsection (iii). The Supreme Court found that "reasonable reliance," as the term is used in section 523(a)(2)(B)(iii), means "not only reasonable reliance but also reliance itself . . . ." *Field v. Mans*, 516 U.S. 59, 68 (1995) (defining reasonable reliance under 11 U.S.C. § 523(a)(2)(B)(iii) in order to determine 11 U.S.C. § 523(a)(2)(A)'s required level of reliance). The Fourth Circuit and its lower courts interpret the *Field* finding to mean that reasonable reliance requires a two-part showing: actual reliance and the exercise of care to the degree exercised by a reasonably cautious person in the same business transaction under similar circumstances. *See Sharp*, 340 F. App'x at 908 ("In addition to evaluating actual reliance, a court must objectively assess the circumstances to determine whether the creditor exercised 'that degree of care which would be exercised by a reasonably cautious person in the same business transaction under similar circumstances.'") (quoting *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54

F.3d 1108, 1117 (3d Cir. 1995)); *Dominion Bank v. Wingo (In re Wingo)*, 112 B.R. 141, 145 (W.D. Va. 1990) ("[T]here are two separate tests . . . to satisfy § 523(a)(2)(B)(iii). First, the creditor must prove reasonable reliance . . . an objective standard. Second, the creditor must prove that he did, in fact, rely on the financial statement.").

Actual reliance under subsection (iii) requires a creditor to show that he in fact relied on the particular written statement in extending money or its equivalent to the debtor. The court in *Wingo* characterized actual reliance as a subjective standard, which requires a creditor to show that the written statement "was a substantial factor in [the creditor's] decision" to extend money, credit, or the like. 112 B.R. at 145. The written statement is a substantial factor if it was "weighed in the balance with other factors in making the credit decision." *Id.*

American Southern pled that it relied on the 2008 Financial Statement as a "full, complete, and accurate accounting of the [Rutherfords'] net wealth when [American Southern] decided to furnish the Debtors with the [Bond Rider]." Amended Complaint at ¶ 16, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Apr. 17, 2013) ECF No. 13. As such, the Court will review American Southern's reasonable reliance on the 2008 Financial Statement.

Based on the evidence presented at the hearing, there is no dispute that American Southern issued the Bond Rider on behalf of Rutherford Construction to Augusta County on January 28, 2008, yet did not receive the 2008 Financial Statement until February 4, 2008. Trial Transcript at 27, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Dec. 18, 2013) ECF No. 48; Exhibit 5 to Defendants' Motion for Summary Judgment, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Nov. 14, 2013) ECF No. 25; Exhibit 6 to Defendants' Motion for Summary Judgment, *Am. S. v. Rutherford (In re*

*Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Nov. 14, 2013) ECF No. 25. In fact, Rutherford

Construction did not finalize and submit to the bond broker the 2008 Financial Statement until

January 31, 2008. Exhibit 6 to Defendants' Motion for Summary Judgment, *Am. S. v. Rutherford*

*(In re Rutherford)*, No. 13-050133 (Bankr. W.D. Va. Nov. 14, 2013) ECF No. 25. Furthermore,

American Southern issued the Bond Rider without conditions or contingencies, such as review of

the Rutherfords' 2008 Financial Statement or even receipt of such. Exhibit 5 to Defendants'

Motion for Summary Judgment, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr.

W.D. Va. Nov. 14, 2013) ECF No. 25.

The undisputed fact is that American Southern issued the Bond Rider on the Rutherfords'

behalf prior to receiving the 2008 Financial Statement. American Southern, therefore, did not

review, nor evaluate the 2008 Financial Statement in its decision to issue the Bond Rider.

Furthermore, American Southern could not weigh the 2008 Financial Statement in the balance

with other factors in making its decision because it did not have the statement when it issued the

Bond Rider. American Southern claims to have relied on the 2008 Financial Statement in issuing

the Bond Rider because, as it has argued, it issued the Bond Rider on the Rutherfords' assertion

that the 2008 Financial Statement would be forthcoming and would not materially differ from the

2007 Financial Statement. Trial Transcript at 27, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-

050133 (Bankr. W.D. Va. Dec. 18, 2013) ECF No. 48. Such an argument, however, highlights

the fact that American Southern issued the Bond Rider in reliance on the Rutherfords' oral

representations, rather than the actual, physically written 2008 Financial Statement.

It is not possible, nor logical, to actually rely on a document that has yet to be produced.

*See McHenry v. Ward (In re Ward)*, 115 B.R. 532, 539 (W.D. Mich. 1990) (upholding the

bankruptcy court's logical determination that a creditor could not have actually relied on a

debtor's written misrepresentation in extending funds when the debtor had not provided such a writing to the creditor until after the creditor issued the funds to the debtor). For this Court to find that American Southern actually, in fact, relied upon the 2008 Financial Statement in issuing the Bond Rider, the Court would need to disregard the timing of events and, in essence, rewrite the history of this case's facts. Without actual reliance on a written statement, as opposed to reliance on an oral representation that a certain written document would be forthcoming, American Southern cannot succeed on its section 523(a)(2)(B) action.

It is American Southern's burden at trial to establish each element of section 523(a)(2)(B). FED. R. BANKR. P. 4005. One such element is that American Southern reasonably relied on the Rutherfords' written statement in issuing the funds. The Fourth Circuit's interpretation of Supreme Court case law dictates that reasonable reliance incorporates proof of actual reliance. *Sharp*, 340 F. App'x at 908. The undisputed facts of this case, however, establish that American Southern cannot show that it actually relied on the 2008 Financial Statement as it has alleged. As such, American Southern cannot establish a genuine issue of material fact as to an essential element of their cause of action for which they would have the burden to prove if this matter went to trial. Therefore, the Rutherfords are entitled to judgment as a matter of law and the Court finds that grounds exist to grant their motion for summary judgment.

### POST-HEARING AFFIDAVIT SUBMISSION

Based on the parties' representations at the February 19, hearing and the disposition of this case, the Court need not answer whether it may consider the affidavit submitted subsequent to the summary judgment hearing. According to the parties, the affidavit's purpose was to address the Court's question of whether American Southern would have issued the Bond Rider if the Rutherford's financial condition was as American Southern argues it was. Supplemental

Hearing Transcript at 3–4, *Am. S. v. Rutherford (In re Rutherford)*, No. 13-050133 (Bankr. W.D.

Va. Feb. 19, 2014) ECF No. 50. This information, however, would not address, nor create, a

genuine issue of material fact as to American Southern's actual reliance on the 2008 Financial

Statement. Rather, the information provided by the affidavit addresses the reasonableness of

American Southern's reliance. *See First National Bank of Centerville, Tennessee v. Sansom (In

re Sansom)*, 224 B.R. 49, 54–55 (Bankr. M.D. Tenn. 1998) (analyzing similar facts under section

523(a)(2)(B)(iii) to determine whether the creditor's actual reliance was reasonable). Since the

affidavit could not help American Southern create a genuine issue of material fact as to its actual

reliance under subsection (iii), the Court declines to answer whether it is able to review the

affidavit because the information contained in the affidavit, as represented by the parties at the

hearing, would be immaterial to the holding of this opinion.

CONCLUSION

The Court grants the Rutherfords' Motion for Summary Judgment. American Southern

failed to identify a genuine issue of material fact as to an essential element of its cause of action.

Based on the undisputed fact that American Southern issued the Bond Rider prior to receiving

the Rutherfords' 2008 Financial Statement, American Southern cannot establish that it actually

relied on the 2008 Financial Statement, as alleged in its complaint. Without proof of actual

reliance under section 523(a)(2)(B)(iii), the Rutherfords are entitled to judgment as a matter of

law. The Court will issue a contemporaneous order consistent with this memorandum opinion.

Date: March 31, 2014

_____
Rebecca B. Connelly